**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LANCE CARL HARKEY,** ) | |
| ID # 37344-177, ) | |
| Movant, ) | No. 3:09-CV-2143-L-BH |
| vs. ) | No. 3:08-CR-098-L |
| ) | |
| **UNITED STATES OF AMERICA,** ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Lance Carl Harkey ("Movant"), an inmate currently incarcerated in the federal prison system, filed a *Motion to Vacate, Set Aside, or Correct Sentence* ("Mot.") pursuant to 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:08-CR-098-L. The respondent is the United States of America ("Government").

**A.   Plea and Sentencing**

On April 9, 2008, movant was charged by indictment with possession of fictitious obligations in violation of 18 U.S.C. § 514(a)(2). (*See* Indictment, doc. 5).[1] On June 12, 2008, movant pled guilty to the charged offense pursuant to a plea agreement. (*See* Rearraignment Hearing Transcript at pp.10-15; Plea Agreement, doc. 16). Movant also signed a factual resume admitting facts sufficient to support his plea. (*See* Factual Resume, doc. 15). In his plea agreement, movant waived the right to contest his conviction and sentence in any collateral proceeding, except to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (doc.

---

[1]   All document numbers refer to the docket number assigned in the underlying criminal action.

16 at p. 4). During the rearraignment hearing, movant acknowledged this waiver. (Rearraignment Hearing Transcript at pp. 11-12).

After a sentencing hearing on September 15, 2008, the district court entered judgment on movant's guilty plea and sentenced him to 43 months imprisonment, to be followed by three years supervised release. (*See* Judgment, doc. 23). Movant's subsequent appeal was dismissed by the Fifth Circuit Court of Appeals as frivolous. *United States v. Harkey*, 326 Fed. Appx. 820 (5th Cir. 2009).

**B.     Substantive Claims**

Movant filed his motion to vacate on November 9, 2009, and an additional memorandum in support on December 8, 2009 ("Mem."). He claims that: 1) the district court never ruled on the dollar amount of the money orders confiscated from movant; 2) his Sixth Amendment right to confrontation was violated during the sentencing hearing and his Fourth Amendment rights were violated by an unlawful search; 3) the sentencing guidelines are too harsh for white collar crime; and 4) his sentence should be a probated sentence under 18 U.S.C. §§ 3551, 3553. (Mot. at 5-6, Mem. at 3-8). Movant also asserts that his trial attorney provided ineffective assistance of counsel by failing to raise his first three issues at his sentencing hearing. (Mot. at 6). The government filed a response brief on January 6, 2010. (*See* Resp. Opp'n Mot. ("Resp.")). Movant filed a reply brief on January 20, 2010. In his reply, movant also asserts that the government breached the plea agreement. (Reply at 3-5).

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

2

result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  WAIVER

In his first four grounds for relief, movant asserts that the district court erred in not determining the dollar amount of the counterfeit money orders that were seized from movant's home, that his Fourth Amendment rights were violated by an unconstitutional search, that his Sixth Amendment right to confrontation was violated at the sentencing phase of the trial, that the sentencing guidelines are too harsh for white collar crime, and that his sentence should be a probated sentence. The government responds that Movant waived his first three grounds by signing the plea agreement and pleading guilty.

3

Movant voluntarily pled guilty and waived his right to collaterally attack his conviction except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel.  (*See* Plea Agreement at 4).  Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to insure that a defendant fully understands his right to appeal and the consequences of waiving that right. *Id.*

Movant does not contend that his waiver was uninformed and involuntary. During the rearraignment hearing, the Court addressed the portion of the plea agreement waiving the right to appeal and the right to file a writ of habeas corpus except in limited circumstances. Movant was specifically asked whether he voluntarily and of his own free will gave up his rights to file an appeal or writ of habeas corpus except under the specific circumstances outlined in the plea agreement. He responded that he had voluntarily waived these rights. (Rearraignment Hearing Transcript at 11-12). Movant knowingly and voluntarily waived his right to contest his conviction and sentence in any collateral proceeding, except to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. Because his first four claims fall outside this narrow exception, he may not assert them in this § 2255 motion, and they should be denied.[2]

---

[2] The Government also invoked the procedural bar as a defense to the first three claims. (Resp. at 4-5). Based on the finding of waiver, the Court does not reach the procedural bar argument. (*See* Resp. at 5, n. 1).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant also claims that his trial attorney provided ineffective assistance of counsel by failing to object to the district court's failure to rule on the dollar amount of fictitious obligations possessed by movant, for failing to object to the violation of movant's Confrontation Clause and Fourth Amendment rights, and for failing to object at trial because the sentencing guidelines are too harsh for white collar crime. (Mot. at 6).

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United*

5


*States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.    Amount of Fictitious Obligations**

Movant claims that his attorney was ineffective for failing to object at sentencing that the district judge did not rule on the amount of fictitious obligations that were confiscated at movant's residence. In particular, movant asserts that the obligations were all blank, and the envelope containing them was found unopened, so he could therefore not be held accountable for a definitive loss amount. (Mot. at 3A).

Movant admitted that he possessed 302 counterfeit money orders with a face value of $825.00 each, for a total face value of $249,150.00 for all of the counterfeit money orders found at his residence. (Factual Resume at 2). This was the loss amount for which he was held accountable and the amount on which his sentencing range was based. (Sentencing Transcript at 33). Regardless of whether the envelope had been opened or whether the money orders were blank, movant possessed this amount of counterfeit money orders. Therefore, counsel was not ineffective for failing to object on this basis at sentencing. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

B.      **Fourth and Sixth Amendment Rights**

Movant next contends that his attorney was ineffective for failing to object at sentencing that his Fourth Amendment rights were violated by an illegal search, and that his Confrontation Clause rights under the Sixth Amendment were violated at the sentencing hearing because hearsay testimony was presented by the government. (Mot. at 4A, 1B-5B).

Here, the package of counterfeit money orders seized at movant's residence was originally searched by a customs agent in Memphis, Tennessee after it arrived from Nigeria. (Sentencing Tr. at 21-22, Factual Resume at 2). This search was conducted at the request of a Secret Service Special Agent based on information he had received from a concerned citizens group that such a package was being sent to movant's residence. (Factual Resume at 2). The government did have reasonable suspicion that the package sent to movant contained illegal documents. A warrantless search of a parcel of incoming international mail at a port of entry is a valid search under the Fourth Amendment, however, notwithstanding any lack of probable cause or reasonable suspicion. *See* 19 U.S.C. § 1582; *United States v. Pringle*, 576 F.2d 1114, 1117 (5th Cir. 1978). Therefore, movant's attorney had no basis for objecting to this search.

Likewise, movant had no Sixth Amendment right of confrontation at his sentencing hearing. *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006). Any objection on this basis would have been meritless. A "failure to assert a meritless objection cannot be grounds for a finding of deficient performance. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). Trial counsel was not ineffective for failing to raise these objections.

C.      **Harshness of Guidelines**

Finally, movant contends that his attorney was ineffective for failing to object that the

sentencing guidelines are too harsh for white collar crimes. (Mot. at 6B).

During the sentencing hearing, the district judge stated that he was sentencing movant to a sentence within the guideline range of 37 to 46 months after taking into account the factors set forth in 18 U.S.C. § 3553(a) to be considered in sentencing. (Sentencing Tr. at 40-42). The Fifth Circuit has stated that, when a district court has sentenced a defendant within a properly calculated guideline range, it would be rare for a reviewing court to say that such a sentence is "unreasonable." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Therefore, movant has not shown that his sentence, which was determined after the district judge considered the nature and the circumstances of the offense movant committed, and which is in the middle range of the sentencing guideline, was unreasonable. Any objection on this basis would have been without merit. To the extent movant contends that his attorney should have made a global objection to all sentencing guidelines in white collar crimes, he has not shown any reasonable probability that such an objection would have resulted in a lower sentence for him.

Movant has not shown that his attorney was ineffective, and his ineffective assistance claims should be denied.

## V. BREACHED PLEA AGREEMENT

Finally, in his reply brief, movant asserts that the government breached the plea agreement he signed because he was not given a two-level reduction in the sentencing level under the federal sentencing guidelines for acceptance of responsibility. Movant asserts that the plea agreement promised him this downward adjustment. (Reply at 3-4). This claim was not raised in movant's original motion.

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District

Courts requires that motions filed pursuant to 28 U.S.C. § 2255 "specify all the grounds for relief available to the moving party." New claims raised for the first time in a reply brief need not be considered by the Court. *See United States v. Marroquin*, No. 3:08-CV-0489, 2009 WL 89242, at *4 (N.D. Tex. Jan. 12, 2009); *Bonds v. Quarterman*, No. 4:07-CV-674, 2008 WL 4367294, at *3 n. 1 (N.D. Tex. Sept. 24, 2008); *see also United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (holding that a district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response). Of course, movants may amend their § 2255 motions in accordance with FED. R. CIV. P. 15. *See United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002).

After the government filed its response to the motion to vacate, movant could properly amend his motion only by obtaining written consent of the government or leave of court. *See* FED. R. CIV. P. 15(a). He did neither, so the Court may decline to consider the breach of plea agreement claim asserted for the first time in his reply.

Even if considered, however, this claim would entitle movant to no relief. A plea may be rendered involuntary due to an unfulfilled promise. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Movant's plea agreement did not promise him a two-level sentence reduction for acceptance of responsibility. In return for movant's guilty plea, the government agreed to: 1) not bring any additional charges against movant based upon his conduct underlying and related to his plea; 2) dismiss, after sentencing, any remaining charges in the pending indictment; and 3) file a motion urging sentencing consideration if movant

9

provided substantial assistance in the investigation or prosecution of others. (Plea Agreement at 3). The fact that the Court did not give movant a sentence reduction for acceptance of responsibility did not breach the plea agreement between movant and the government. To the extent considered, this claim should be denied.

## VI. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief.

## VII. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 26th day of February, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE